UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAROS L PANTOJA,

      Plaintiff,

    v.                                    Case No. 15-cv-1368

GLEN HAASE,
JASON BARANEK, and
MILWAUKEE COUNTY,

      Defendants.

## DECISION AND ORDER

On November 16, 2015, plaintiff, Marcos L. Pantoja, filed a pro se complaint under 42 U.S.C. §1983, alleging that his Fourth Amendment rights were violated during his arrest. He petitioned to proceed in forma pauperis, and I assessed an initial partial filing fee of $114.28. On December 21, 2015, plaintiff paid the filing fee in full. As a result, Plaintiff's motion to proceed in forma pauperis is denied as moot.

Regardless of fee status, the Prisoner Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The court may dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, plaintiffs must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair

notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Indeed, allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two step analysis set forth in Twombly to determine whether a complaint states a claim. Iqbal, 556 U.S. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not support by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. Pro se allegations, "however inartfully pleaded," are given a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In the context of a §1983 claim, plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under the color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)). A suit seeking monetary damages under §1983 must further allege that the defendants were personally involved in the

constitutional deprivation.   Matz v. Klotka, 769 F.3d 517, 527 (2014).

**COMPLAINT ALLEGATIONS**

Plaintiff alleges that on January 21, 2014, defendants Glen Haase and Jason Baranek from the Cudahy Police Department executed a search warrant at 1100 S 1st St. #3 in Milwaukee, Wisconsin.  Upon searching the residence, Haase located 17 grams of heroine, grinders used to break up hard pieces of heroin, packaging materials for resale, and a .32 caliber revolver style handgun.  Plaintiff, who was on-scene during the search, was arrested without a warrant and detained for 36 days.

On February 24, 2014, Baranek issued a form titled Probable Cause Statement and Judicial Determination, which is required for warrantless arrests in Wisconsin. The top portion of the document included Baranek's sworn statement detailing the course of events leading to plaintiff's warrantless arrest. The bottom portion of the document titled "Probable Cause Determination" was completely blank. The document does not include a "probable cause determination" or the judge's signature, as required by Wis. Stat. § 970.01.

On February 28, 2014, plaintiff was charged with: (1)  possession with intent to deliver heroin in violation of Wis. Stat. §961.41(1m)(d)3, (2) possession of a firearm in violation of § 941.29(2), and (3) felon in possession of a firearm in violation of Wis. Stat. 941.29(2)(a).  He appeared in court for his initial appearance on that same day.  Plaintiff pled guilty to all three counts on January 26, 2015.

Plaintiff's first and second claims allege that defendants Haase and Baranek violated his Fourth Amendment rights by detaining him for 36 days without presenting the probable cause statement and judicial determination that is required for warrantless arrests. His third claim alleges that Milwaukee County has an "unwritten policy and custom" of delaying the delivery of the probable cause statement following a warrantless arrest. Finally, his fourth

3

claim alleges that "Haase and Baranek have no absolute or qualified immunity."

Plaintiff seeks compensation in the amount of $250,000 for the loss of his liberty during those 36 days. He also seeks an additional $7 million dollars in punitive damages from each defendant involved in the case.

## **LEGAL ANALYSIS**

The Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to extended restraint of liberty following a warrantless arrest. Gerstein v. Pugh, 420 U.S. 103, 114 (1975); Matz v. Klotka, 769 F.3d 517, 527 (2014). A probable cause determination made within 48 hours of arrest is presumptively "prompt." County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991). After 48 hours, the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance to justify the delay. Id. at 57. The 48 hour time frame implemented by County of Riverside seeks to accommodate arraignment procedures that differ from state to state while still protecting an individual's liberty rights.

A municipality is liable under §1983 if the municipality itself, through a policy or custom, deprives someone of their Fourth Amendment rights. Calhoun v. Ramsey, 408 F.3d 375, 379 (7th Cir. 2005). Municipal liability can be found under three circumstances: (1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with final policy-making authority. Id. A plaintiff seeking to impose liability on a municipality for an unconstitutional policy or custom must allege something more than his or her own isolated experience. Id.

4

Plaintiff has pled sufficient facts to allege a plausible §1983 claim against defendants Haase and Baranek. He identifies the date of his warrantless arrest, January 21, 2014, and the date he received his probable cause determination, February 25, 2014. He asserts that 36 days is well past the two day time frame prescribed under County of Riverside and attaches the deliquent probable cause statement as supplemental proof of his factual allegations.

Further, Plaintiff alleges that Haase and Baranek were City of Cudahy police officers personally involved in the warrantless arrest and the subsequent probable cause determination. He identifies Haase as the arresting officer, and claims that Baranek and Haase together interviewed him following the warrantless arrest. Moreover, he asserts that the delinquent probable cause statement was drafted and executed by Baranek. As a result, plaintiff alleged a plausible liberty violation by persons acting under the color of state law, and may proceed on his Fourth Amendment claims against defendants Haase and Baranek.

However, Plaintiff has not plead sufficient facts to allege a plausible §1983 claim against Milwaukee County. Although plaintiff states that Milwaukee County has an unwritten policy and custom . . . [of] intentionally deny[ing] the plaintiff and other indigent defendants their Fourth Amendment Right to a prompt, independent, judicial determination of probable cause," he offers no factual allegations to support this statement. Plaintiff only alleges facts involving his own isolated experience with Milwaukee County. Without factual allegations supporting his assertion of an unwritten policy or practice, this assertion is conclusory and I must disregard it. As a result, Plaintiff does not state a claim for municipal liability. Accordingly, Milwaukee County is dismissed from the action.

Lastly, although plaintiff raises absolute and qualified immunity in his complaint, governmental immunity is an affirmative defense that defendants must establish. See Fed.

Case 2:15-cv-01368-LA   Filed 02/02/16   Page 5 of 7   Document 9

R. Civ. P. 8(c)(1). Immunity is not a "claim" that Plaintiff must allege. Therefore, I will not address immunity at this time.

## **ORDER**

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Docket #2) is **DENIED** as moot.

**IT IS ALSO ORDERED** that defendant Milwaukee County is **DISMISSED** pursuant to 28 U.S.C. 1915A(b)(1).

**IT IS FURTHER ORDERED** that plaintiff serve upon defendants Haase and Baranek a copy of the complaint, a waiver of service form, and/or summons, and a copy of this order. At plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. Fed. R. Civ. P. 4(c)(3).

**IT IS ALSO ORDERED** that defendants Haase and Baranek shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of Stanley Correctional Institution.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

6

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should retain a personal copy of each document filed with the court.

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2016.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge