# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

MARCOS L. PANTOJA,
        Plaintiff,

     v.                                     Case No. 15-CV-1368

GLEN HAASE, JASON BARANEK, and
MILWAUKEE COUNTY,
        Defendants.

---

## DECISION AND ORDER

Marcos L. Pantoja, a Wisconsin state prisoner who is representing himself, filed a civil rights action under 42 U.S.C. § 1983, alleging that defendants violated his Fourth Amendment rights following his warrantless arrest. ECF No. 12. I screened the complaint pursuant to 28 U.S.C. § 1915A and allowed plaintiff to proceed with two claims: (1) that two police officers, Glen Haase and Jason Baranek, failed to provide plaintiff with a prompt probable cause determination following his warrantless arrest and (2) that Milwaukee County had a widespread custom or policy of denying indigent individuals the right to a prompt probable cause determination following warrantless arrests. ECF No. 14.

On September 15, 2016, defendants moved for summary judgment. ECF Nos. 38 & 43. Plaintiff did not file a response to either motion. Instead, he filed a letter that included "evidence" that he wanted me to consider in arriving at my decision. ECF No. 48. Defendants filed their replies on October 25, 2016. ECF Nos. 49 & 51. For the

reasons discussed below, I will grant defendants' motions for summary judgment and dismiss the case.

## I. BACKGROUND

I take the following facts from defendants' joint proposed findings of fact (ECF No. 40) and plaintiff's sworn amended complaint (ECF No. 12), which I construe as an affidavit at the summary judgment stage. *Ford v. Wilson*, 90 F.3d 245, 246–47 (7th Cir. 1996). Defendants' joint proposed findings of fact are deemed admitted solely for the purpose of deciding summary judgment because plaintiff has not disputed them. Civ. L. R. 56(b)(4).

Plaintiff is an inmate who is confined at the Stanley Correctional Institution. ECF No. 40, ¶ 1. Defendants are City of Cudahy police officer Glen Haase, City of Oak Creek police officer Jason Baranek, and Milwaukee County. *Id.* ¶ 2.

On January 21, 2014, officers executed a search warrant at plaintiff's residence in Milwaukee and found nine grams of heroin, pills, marijuana, cash, and a gun. *Id.* ¶¶ 4–5. Haase and Baranek arrested plaintiff and took him to the Cudahy police station. *Id.* ¶¶ 6-7. At the police station, an officer read plaintiff his constitutional rights. *Id.* ¶ 7. Plaintiff signed a document entitled "Cudahy Police Constitutional Rights and Waiver" and agreed to answer questions and make a statement. *Id.* ¶ 8. Two days later, on January 23, plaintiff was released without charges. *Id.* ¶ 12–13.

On February 24, 2014, Keith Villwock of the Milwaukee County Sheriff's Department arrested plaintiff for being a felon in possession of a firearm. *Id.* ¶ 15. Villwock provided a probable cause statement that day. *Id.* ¶ 20. Court Commissioner Katharine F. Kucharski made a probable cause determination the next day. *Id.* ¶ 20.

Plaintiff was charged with and pled guilty to one count of being a felon in possession of a firearm. *Id.* ¶ 21. He was separately charged with and pled guilty to two counts resulting from the January 21 search of his residence and his arrest that day, one for possession of heroin with intent to deliver and one for being a felon in possession of a firearm. *Id.*

## II. DISCUSSION

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. *Brummett v. Sinclair Broad. Grp., Inc.*, 414 F.3d 686, 692 (7th Cir. 2005). For the purposes of deciding this motion, I resolve all factual disputes and make all reasonable factual inferences in favor of the non-moving party. *Springer v. Durflinger*, 518 F.3d 479, 483–84 (7th Cir. 2008).

### A. Fourth Amendment

The Fourth Amendment requires a timely judicial determination of probable cause as a prerequisite to extended restraint of liberty following a warrantless arrest. *Gerstein v. Pugh,* 420 U.S. 103, 114 (1975). A probable cause determination made within 48 hours of arrest is presumptively "prompt." *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). After 48 hours, the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance to justify the delay. *Id.* at 57.

Plaintiff's amended complaint implies that Haase and Baranek arrested plaintiff without a warrant on January 21, 2014 and held him in custody for 36 days without a probable cause determination. Am. Compl., ECF No. 12, at 2. However, during his deposition, plaintiff stated that he was not held for 36 days but instead was arrested two separate times, on January 21 and then on February 24, over a roughly 34-day period. Pantoja Dep., ECF No. 41-2, at 41:11–:21.

Plaintiff has not provided any evidence that would allow a jury to find that he was held for longer than 48 hours without a probable cause determination after either arrest. First, Haase and Baranek arrested plaintiff without a warrant at 6:00 a.m. on January 21, 2014. ECF No. 1-1. Two days later, he was released from custody. Pantoja Dep., ECF No. 41-2, at 26:21. Defendants argue that plaintiff was held for less than 48 hours. Defs.' Mem., ECF No. 39, at 3–4. They provide no evidence as to the time of day on January 23 that he was released (if he was released after 6:00 a.m., then he was held for more than 48 hours), but plaintiff has not meaningfully responded to defendants' motion or provided any evidence that he *was* held for more than 48 hours. In fact, plaintiff admitted during his deposition that he doesn't remember when he was released:

> Q And at some point were you released from the Cudahy Police Department?
> A Yes. . . . I was.
> Q Do you remember when that was?
> A The time, no, sir.
> Q Do you know the date?
> A I believe it was the 23rd.

Pantoja Dep., ECF No. 41-2, at 26:15–:21. Plaintiff concedes that he was not in custody after he was released on January 23 until a different officer arrested him on February 24, 2014. *Id.* at 41:11–:21. The day after that arrest, Court Commissioner Katharine F.

4

Kucharski signed a probable cause determination for that arrest. ECF No. 41-5, at 5. Plaintiff admits that he received that probable cause determination. Pantoja Dep., ECF No. 41-2, at 42:6–43:19.

Haase and Baranek have pointed to the absence of a genuine issue of material fact on plaintiff's claims against them, and plaintiff has not shown that he has any evidence that would allow a reasonable jury to find in his favor. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986). Therefore, I will grant Haase and Baranek's motion for summary judgment and dismiss the claims against them.

### B. Municipal Liability

To prevail on a claim for municipal liability under 42 U.S.C. § 1983, plaintiff must first establish, as a threshold matter, that he suffered an underlying constitutional deprivation. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the department regulations might have *authorized* [the unconstitutional conduct] is quite beyond the point."); *see also Sallenger v. City of Springfield*, 630 F.3d 499 (7th Cir. 2010). Once the plaintiff establishes a constitutional violation, he must then prove that an "official municipal policy" caused the constitutional violation. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 692 (1978). A plaintiff seeking to impose liability on a municipality for an unconstitutional policy or custom must allege something more than his or her own isolated experience. *See Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005).

As discussed above, plaintiff cannot show that he suffered any underlying constitutional deprivation. Therefore, he cannot prevail on his claim for municipal liability

5

against Milwaukee County. Further, plaintiff said during his deposition that while he thinks there are others bringing similar claims against Milwaukee County, he does not know who they are. Pantoja Dep., ECF No. 46-1. Plaintiff cannot meet his evidentiary burden to show something more than his or her own isolated experience. Therefore, I will grant Milwaukee County's motion for summary judgement and dismiss the case.

### C. Plaintiff's Letter

On October 11, 2016, plaintiff filed a letter asking me to review "evidence" that allegedly shows that defendants did not have probable cause to obtain the search warrant that was executed at his residence prior to his arrest on January 21, 2014. ECF No. 48. Plaintiff explains that his underlying criminal case is now before the Wisconsin Court of Appeals due to "insufficient evidence and cause to search the residence." *Id*. He asks me to review the documents, stating that "[t]his matter is precisely why I filed a complaint." *Id*. I allowed plaintiff to proceed with a Fourth Amendment claim that he was *arrested* and detained for 36 days without a probable cause determination; evidence regarding probable cause to *search* his residence is not relevant to this case.

Further, I cannot consider a claim for damages under § 1983 if judgment in plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence" and the "conviction or sentence . . . has *not* been . . . invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff pled guilty to two charges based on the evidence that officers found while executing the search warrant that plaintiff now challenges. A judgment in his favor that the search warrant was not supported by probable cause would necessarily imply the invalidity of his conviction on those two charges. Plaintiff is currently challenging the validity of the search warrant in state court. Before he can

6

bring a § 1983 suit for damages based on a claim that the search warrant was invalid, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87 (citation omitted) (citing 28 U.S.C. § 2254). Therefore, at this time, I cannot consider plaintiff's claim that the search warrant was not supported by probable cause.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendants' motions for summary judgment (ECF Nos. 38 & 43) are **GRANTED** and this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. I may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask me to alter or amend my judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. I cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more

than one year after the entry of the judgment. I cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

I expect parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 2nd day of December, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge